The court at General Term held, “We think this was a proper request and should have been granted by the court. The facts and circumstances as disclosed are clearly in accord with, and are governed by the decision in this court in Starin v. Kelly (36 Super. Ct. 366).”
The court was requested by defendant to charge, “ That the plaintiff claimed all the property levied upon by the sheriff, and did not point out, or distinguish the articles claimed to have been owned by him prior to the bill of sale; and the plaintiff is not entitled to recover for those articles unless he is entitled to recover for the whole property levied upon.” The defendant duly excepted to the refusal so to charge. The plaintiff swears that these goods belonging to him before January 15,1876, were there at that time, and continued there until February 3, following, when they were seized by the sheriff and sold. They were held in store for ten or twelve days, and he was there part of the time, and the defendant Welsh was there. He heard Mr. Welsh give directions to the sheriff or to the man in charge; “ calling them his goods.” The plaintiff did not point out, or distinguish the articles claimed to have been owned by him prior to the bill of sale.
The court at General Term held: “We think the ■ request should have been granted. The rule of law and equity is said in the books to be strict on such occasions as this. The plaintiff was present, hearing the defendants calling all the goods his own, which *519 fact was not true, according to all the testimony in the case. If a party having charge of the property of others so confounds it with his own that the line of distinction cannot be traced, all the inconvenience of ,the confusion must be thrown upon him who produces it, and it is for him to distinguish his own property, or lose it. The effect of the confusion of the title to the kinds of the goods levied upon is this : unless it was pointed out to the jury, they might easily have believed that at any rate, the plaintiff was entitled to recover his own goods, as he had not bought them from his father; and upon thinking about it, that the taking of these' was clearly wrong; a prejudice would be created, and they might further think, that the taking of the other class of goods was wrongful, because they were taken at the same time that the goods which really belonged to the plaintiff were seized. I think a still stronger reason why the charge should have been entertained is, that the plaintiff knew perfectly well that the goods were his own, and he was guilty of a plain violation of law and equity by keeping silent on the subject, which has resulted in a verdict not authorized according to any principle of law or justice, and for that reason a new trial should be had.”
Vanderpoel Green & Cuming, for appellant.
H. E. Averill and W. T. B. Milliken, for respondent.
Opinion by Speir, J.; Sedgwick, Ch. J., concurs ; Freedman, J., concurs in result.
Judgment and order reversed, costs to abide event, and new trial ordered.